IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER EMINETH,<br><br>Defendant. | MJ 18-37-BLG-TJC<br><br>**ORDER** |

Before the Court is the United States' application for a search warrant authorizing the search of Facebook, Inc. ("Facebook") account tyler.emineth.397.

The Court of Appeals for the Ninth Circuit has issued recommendations for the search of electronically stored information in *U.S. v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010), wherein the Court recognized that "over-seizing is an inherent part of the electronic search process," and that reality "calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures." *CDT*, 621 F.3d at 1177.  While the Ninth Circuit has emphasized that these are only recommendations and have not required strict compliance with the guidelines, it

has subsequently endorsed their application.  *See U.S. v. Flores*, 802 F.3d 1028, 1042-1047 (9th Cir. 2015).

The Ninth Circuit also considered a challenge to the search of a Facebook account in *Flores*.  In that case, the search was conducted in two steps.  In the first step, "the government initially seize[d] the entirety of a Facebook account, [and] conduct[ed] an initial review of the materials seized to identify material that is responsive to the search warrant."  *U.S. v. Bundy*, 2016 WL 8856696, *8 (D. Or. Sept. 14, 2016).  In the second step, the government "segregated information that was responsive to the search warrant from information that was nonresponsive and sealed the nonresponsive information so it could not be accessed absent a new warrant."  *Id*.  The Court found this process did not violate the Fourth Amendment, but also noted that "[i]deally, the government's investigative team would not have been involved in segregating responsive data from the rest of Flores's account."  *Flores*, 802 F.3d at 1045 n. 22.  This Court construes this statement as a recommendation that the investigative agents not be involved in step one, if possible.  Accordingly,

//

//

//

On or before August 6, 2018, the United States shall file a brief addressing (1) whether the application for the present search warrant complies with the Ninth Circuit's recommendations in *CDT* or *Flores*; and if not, (2) why this Court can and should disregard the Ninth Circuit's recommendations.

DATED this 30th day of July, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge